### The STATE of Texas

#### v.

### Shirley COPELAND, Appellee

### NO. PD–1802–13

Court of Criminal Appeals of Texas.

Filed: October 22, 2014

---

16. *Id.* at 823.

17. *Dixon*, 509 U.S. at 704, 113 S.Ct. 2849 (overruling the same-conduct test in *Grady*, 495 U.S. at 508, 110 S.Ct. 2084).

Brendan Wyatt Guy, Asst. Criminal Dist. Atty., Victoria, for State.

Luis A. Martinez, Victoria, for Appellee.

## *OPINION*

For majority opinion, see 2014 WL 5508985.

Meyers, J., filed a dissenting opinion.

The majority concludes that the court of appeals erred in determining that the State procedurally defaulted on its consent argument for not showing the consent was given freely and voluntarily. However, the State did have the burden to show that Danish's consent was free and voluntary and it did not do so. Because the State did procedurally default this argument, I believe that the court of appeals decided the case correctly.

As demonstrated by the multiple re-mands of this case, it is clear the majority is just trying to find a defibrillator it can hook up to the court of appeals to shock it into finding a heartbeat to support rever-sal of the trial court's grant of this motion to suppress. It seems to me, however, that the coroner has already put a toe tag on this case and we are just wasting judi-cial resources by trying to avoid the cor-rect conclusion that the evidence was valid-ly suppressed. Had the roles in this case been reversed, and it was Appellee seeking review of the court of appeals' decision, Appellee's issues would have been long ago dispatched to the funeral home to be bur-ied alive.

For the reasons stated above, I would affirm the decision of the court of appeals and, therefore, I respectfully dissent.